UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BROWN,<br><br>    Petitioner,<br><br>v.<br><br>DEPT. 15, et al.,<br><br>    Respondent. | Case No. 19-cv-04399-HSG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING PENDING MOTIONS AS MOOT; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging state court decisions in May and June 2019 that denied his *Mardsen* motion and that found him incompetent to stand trial pursuant to California Penal Code § 1370. Dkt. No. 13. Petitioner alleges that the state court decisions violated his right to effective assistance of counsel and his right to be free of double jeopardy, and that the state court made these unfavorable rulings in retaliation for his accessing the courts. Dkt. No. 13 at 5.

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

//

//

**DISCUSSION**

Section 2254 allows a federal court to consider whether a state prisoner's custody pursuant to a state court judgment violates the federal Constitution or federal law or federal treaties. 28 U.S.C. § 2254(a). The instant petition challenges a competency finding made during the course of a state court trial, and not the conviction or judgment that has resulted in the petitioner's custody. This Court therefore may not review the challenged state court rulings. If petitioner is being held in custody pursuant to a conviction that he believes violates the federal Constitution or federal law, he may file a habeas petition in this court pursuant to 28 U.S.C. § 2254(a) to challenge the conviction and related custody after the conviction is final and he has exhausted his state court remedies.[1] 28 U.S.C. § 2254(b).

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows. Petitioner's requests for leave to proceed in forma pauperis are GRANTED. Dkt. Nos. 8, 14. The Court DISMISSES the petition for a writ of habeas corpus for failure to state a cognizable claim for federal habeas relief and

---

[1] The Court notes that petitioner is challenging recent state court decisions, and that it is therefore unlikely that petitioner's conviction is final or that his state court remedies have been exhausted.

DENIES a certificate of appealability. The Clerk shall enter judgment in favor of respondent, deny all pending motions as moot, and close the file.

**IT IS SO ORDERED.**

Dated: 9/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge